IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nationwide Insurance Company of America,<br><br>*Plaintiff,*<br><br>v.<br><br>Francis W. Schiavo,<br><br>*Defendant.* | CIVIL ACTION<br>NO. 25-650 |

**Pappert, J.**                                                                                                        April 11, 2025

## MEMORANDUM

Nationwide sued its insured, Francis Schiavo, seeking a declaration that it has no duty to defend him in a state-court tort suit arising out of fraternity hazing allegations. Schiavo moved to dismiss on grounds of ripeness, failure to join required parties and failure to state a claim. The Court denies the motion.

I

Schiavo and several fellow members of his fraternity at the College of Charleston, along with the fraternity and College itself, were sued in South Carolina state court in January 2024 for allegedly hazing a fellow student who sought to join the fraternity. (Compl. ¶¶ 10–11, ECF No. 1); (State Ct. Compl. ¶¶ 3–4, Ex. B to ECF No. 1.) At the time of the alleged incidents, Schiavo was covered by a homeowners-insurance policy issued to his parents by Nationwide. (Compl. ¶ 5, 39.) Nationwide retained counsel to defend Schiavo in the state-court case, and counsel entered his appearance on August 9, 2024. (State Ct. Docket Sheet 11, ECF No. 6-2.) Just over two months later, Nationwide sent Schiavo a letter stating that it was providing a defense "pursuant to [a] full and complete Reservation of Rights." (Letter, October 11, 2024 at

1

1, 10, ECF No. 6-2.)  Specifically, Nationwide explained that the conduct alleged in the state-court complaint may not constitute an "occurrence" under the policy or, alternatively, may fall within three policy exclusions.  (*Id.* at 9–10.)  Nationwide then filed this suit in February 2025 seeking a declaration that Schiavo's alleged conduct indeed did not constitute an occurrence or fell within the exclusions, and that Nationwide therefore "has no duty to further defend [Schiavo] and, as a result, no duty to indemnify [him]."  (Compl. Counts I–IV.)

II

Schiavo first wants the Court to dismiss the Complaint because Nationwide's "contentions are premature."  (Mot. to Dismiss 15, ECF No. 6.)  This argument sounds in ripeness, the doctrine that "determines whether a party has brought an action prematurely."  *See Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Loc. Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009).  It's well-settled, however, that a declaratory action to determine the scope of an insurer's duty to defend an insured in a separate, ongoing lawsuit is ripe for adjudication.  *See ACandS, Inc. v. Aetna Cas. & Sur. Co.*, 666 F.2d 819, 822–23 (3d Cir. 1981).  Indeed, as Schiavo acknowledges, the Court can determine whether Nationwide has a duty to defend simply by comparing the allegations in the underlying complaint to the homeowners-insurance policy.  *See* (Mot. to Dismiss 15–16 (quoting *United Servs. Auto. Ass'n v. Elitzky*, 517 A.2d 982, 985 (Pa. Super. 1986) for the proposition that "[t]he obligation of an insurer to defend an action against the insured is fixed solely by the allegations in

the underlying action.")); *see also Gene's Rest., Inc. v. Nationwide Ins. Co.*, 548 A.2d 246, 246–47 (Pa. 1988).[1]

### III

Schiavo also seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7) for Nationwide's alleged failure to join required parties as defendants — specifically, all parties to the state-court suit and his parents. (Mot. to Dismiss 9–10.) Rule 19 sets out a three-part test for determining whether an absent party must be joined. *See* Fed. R. Civ. P. 19; *Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 232 (3d Cir. 2023).

First, the Court must determine whether the absent party meets the "qualifications under Rule 19(a)(1)(A) [or] (a)(1)(B)." *Epsilon*, 80 F.4th at 232. Subsection (a)(1)(A) is met if the party's absence prevents the court from "accord[ing] complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). And subsection (a)(1)(B) is met if the absent party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may (i) as a practical matter impair or impede [their] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Second, if either subsection (a)(1)(A) or (a)(1)(B) is met, the Court asks whether joinder of the absent party is "feasible—that is, can the party be joined without depriving the court of the ability to hear the case?" *Epsilon*, 80 F.4th at 222. And third, if joinder is not

---

[1] Much of Schiavo's section on "prematurity" really argues that based on the state-court complaint, Nationwide has a duty to defend him. The Court will entertain that question upon the appropriate motion.

3

feasible, the Court asks whether the action should "continue in the party's absence or be dismissed," *id.*, which entails a multifactor analysis and the exercise of "equity and good conscience," Fed. R. Civ. P. 19(b).

## A

As an initial matter, Schiavo's arguments with respect to the state-court parties are largely peripheral to the Rule 19 analysis because he erroneously relies on a Pennsylvania case interpreting the Pennsylvania Declaratory Judgment Act. (Mot. to Dismiss 12 (citing *Vale Chem. Co. v. Hartford Acc. & Indem. Co.*, 516 A.2d 684, 686 (Pa. 1986)). The limitations on Pennsylvania Courts under the state's Declaratory Judgment Act are "procedural and jurisdictional" rules. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 229 (3d Cir. 2005). Federal law supplies the jurisdictional and procedural rules that govern federal courts. *Id.* (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *see also Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 n.4 (3d Cir. 2017) (noting that state declaratory-judgment law does not govern in federal court).

Schiavo otherwise makes no attempt to explain how the absence of the parties to the underlying action would prevent the Court from "accord[ing] complete relief," nor does he explain what "interest relating to the subject of th[is] action" those parties have. *See* Fed. R. Civ. P. 19(a)(1). And while the Court can in its discretion notify absent parties of this action and invite them to argue for their own joinder, *Epsilon*, 80 F.4th at 233 n.13, that's unnecessary here because none of the other parties to the state-court action were insured under the homeowners policy issued by Nationwide to Schiavo's parents, *see* (Insurance Policy 5, Ex. A to ECF No. 1). The absent parties thus have no legal interest in an action to determine that policy's scope or Nationwide's

obligations thereunder. *See Treesdale*, 419 F.3d at 230; *see also Liberty Surplus Ins. Corp. v. McFaddens at Ballpark LLC*, 116 F. Supp. 3d 447, 462 (E.D. Pa. 2015) (holding that absent party was not made necessary by virtue of his "mere[] . . . financial interest" in seeing insurance company-plaintiff indemnify defendant for an arbitration award owed to the absent party).

B

Schiavo also argues that his parents are required parties because they are the named policyholders. (Mot. to Dismiss 10.) The bulk of his argument again erroneously relies on case law interpreting the Pennsylvania Declaratory Judgment Act, (*id.* at 10–11 (citing *Ins. Co. of State of Pa. v. Lumbermens Mut. Cas. Co.*, 177 A.2d 94, 95 (Pa. 1962) and *Erie Ins. Grp. v. Cavalier*, 552 A.2d 705, 705–06 (Pa. Super. 1989)),[2] which does not apply in federal court. The only relevant argument the Court can discern from Schiavo's brief is that his parents have an interest in seeing the insurance contract interpreted broadly and they won't be able to protect that interest if

---

[2] And even then, the cases Schiavo cites are inapposite. In *Lumbermens*, an insurer that was defending its insured in a tort suit sought a declaration that another insurer was obligated to share the costs of investigation, defense and any ultimate settlement or judgment. 177 A.2d at 95. The plaintiff-insurer did not join the injured party or the insured to the declaratory action. *Id.* The court held that a declaratory judgment was inappropriate because it would not be preclusive in a later suit against the defendant-insurer by the injured or insured, raising the distinct possibility that those parties would have to later relitigate the issue of the defendant-insurer's obligations. *Id.* at 95–96. The absence of Schiavo's parents does not create any risk that the parties in the underlying suit will have to relitigate anything decided here — Schiavo's parents are not party to the underlying litigation. *See* (State Ct. Compl.)

In *Erie*, an insurer sought a declaration that its policy contained certain limits, but the insurer named as defendant only the plaintiff in the underlying liability suit (i.e., the injured party). 552 A.2d at 705–06. The Court held that a declaration would be inappropriate because the insureds' interest in seeing the court interpret the insurance agreement broadly was not represented by the injured party. *Id.* at 707 (citing *Pennsylvania Insurance Guaranty Association v. Schreffler*, 520 A.2d 477, 479 (Pa. Super. 1987). The case says nothing about what to do when, as here, the insurer sues an insured party who is claiming coverage in an underlying suit but omits other insureds who are not party to that suit.

5

they are not joined.  (Mot. to Dismiss 11 ("a ruling in favor of Nationwide would reduce their own contractual rights under the Policy.")).

It's true that "parties owning rights under disputed contracts . . . generally have a legally protected interest under Rule 19(a)(1)(B)(i)." *Epsilon*, 80 F.4th at 233 (citations omitted).  But the Rule does not apply unless, "as a practical matter," the absent party's ability to protect the interest is threatened.  Fed. R. Civ. P. 19(a)(1)(B)(i). A party's ability to protect its interest is not threatened by mere "persuasive precedent" — that is, "the potential effect [*stare decisis*] might have on an absent party[]" in a future lawsuit."  *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 407 (3d Cir. 1993).  Schiavo has not met his burden to show how any decision in this case could affect his parents other than by creating "persuasive precedent" that may inform some future interpretation of their homeowners policy.  *Cf. id.* (holding absent party's interest in a contract not sufficiently threatened where the defendant merely argued that the absent party could "possibl[y]" face issue preclusion in a future action).

Nor does any threat to an absent party exist where that party's "interests are fully represented by parties present."  *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1191 (3d Cir. 1979); *see also Alpha Painting & Constr. Co. Inc. v. Del. River Port Auth. of Pa. & N.J.*, 853 F.3d 671, 688 (3d Cir. 2017) (absent party not necessary where defendant "fully" and "zealously" pursued interests shared by absent party). There seems no reason — and Schiavo has suggested none — why Schiavo's interest in the outcome of this declaratory action could be any different than his parents'.

6

IV

Schiavo also seeks dismissal for failure to state a claim upon which relief can be granted. In evaluating Rule 12(b)(6) motions, "the court assumes well-pleaded facts are true, construes those facts in the light most favorable to the plaintiff, and draws reasonable inferences from them." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). In addition to the allegations in the complaint itself, the Court can review documents attached to the complaint, documents the complaint is based upon and matters of public record (which include judicial proceedings). *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 257 n.5 (3d Cir. 2006).

Schiavo's specific argument is that Nationwide is estopped from withdrawing its defense because it did not issue a reservation-of-rights letter until two months after it retained a lawyer for Schiavo's defense. (Mot. to Dismiss 14–15.) First of all, estoppel is an affirmative defense. *Mar. v. Paradise Mut. Ins. Co.*, 646 A.2d 1254, 1255 (Pa. Super. 1994); *see also Chrysler Credit Corp. v. First Nat. Bank & Tr. Co. of Washington*, 746 F.2d 200, 206 (3d Cir. 1984) (citing *Blofsen v. Cutaiar*, 333 A.2d 841, 844 (Pa. 1975) ("[U]nder Pennsylvania law[,] the burden rests on the party asserting estoppel to establish the defense by clear, precise and unequivocal evidence."))[3] The Court may grant a 12(b)(6) motion based on an affirmative defense only if the basis for the defense is "apparent on the face of the complaint" or the other materials properly considered. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

---

[3] The parties implicitly agree that Pennsylvania law governs the estoppel issue, and the Court sees no reason to second-guess their conclusion.

To succeed on an estoppel defense, an insured must show "conduct on the part of the insurer as would, if the insurer were not estopped, operate as a fraud on some party who has taken or neglected to take some action to his own prejudice in reliance thereon." *Nationwide Prop. & Cas. Ins. Co v. Shearer*, 650 F. App'x 115, 117–118 (3d Cir. 2016) (quoting *Wasilko v. Home Mut. Cas. Co.*, 232 A.2d 60, 63 (Pa. Super. 1967). So an insured party who claims his insurer is estopped from denying its duty to defend must show (1) inducement by the insurer, (2) justifiable reliance by the insured, and (3) prejudice to the insured. *Id.* at 118. Undertaking defense of an insured party is not alone sufficient to support estoppel — an insurer may at once defend its insured and maintain that it has no obligation to do so. *Selective Way Ins. Co. v. MAK Servs., Inc.*, 232 A.3d 762, 767–68 (Pa. Super. 2020). Whether the elements of estoppel are satisfied thus largely depends on whether the insurer issues to the insured a timely and specific reservation-of-rights notice. *Id.*

Schiavo's sole contention here is that a gap of two months between Nationwide's learning of the claims against him[4] and its "issu[ing] its reservation of rights letter" renders the letter untimely and warrants estoppel. (Mot. to Dismiss 15.)[5] But he does not cite and the Court has not found any authority supporting the proposition that a

---

[4]  Courts typically evaluate the timeliness of a reservation-of-rights letter by measuring from the point at which the insurer received notice of the claim against the insured. *See, e.g.*, *Mountain Lakes Abstract Co. Inc. v. Certain Underwriters at Lloyd's*, London, 605 F. Supp. 3d 645, 652 n.4 (M.D. Pa. 2022); *See, e.g.*, *Erie Ins. Exch. v. Lobenthal*, 114 A.3d 832, 839 (Pa. Super. 2015); *Brugnoli v. United Nat. Ins. Co.*, 426 A.2d 164, 168 (Pa. Super. 1981). Schiavo uses the date that Nationwide retained a lawyer for him as the date it received notice of the claims, so the Court does as well.

[5]  Schiavo also says that the two-month gap specifically "prejudice[d] [him] by preventing him from selecting counsel of his own choosing from the outset . . ., [preventing him] from building a relationship with said counsel, and ensuring the continuity of counsel." (Mot. to Dismiss 15.) But Schiavo does not identify any support for those assertions in the Complaint or any other source the Court can consider at the 12(b)(6) stage.

two-month gap between notice and reservation of rights, without more, warrants estoppel. Rather, courts applying Pennsylvania law have deemed reservation-of-rights letters timely when issued even later than two months after learning of claims. *See Mountain Lakes Abstract Co. Inc. v. Certain Underwriters at Lloyd's, London*, 605 F. Supp. 3d 645, 652 n.4 (M.D. Pa. 2022) (collecting cases and concluding that "federal courts applying Pennsylvania law routinely hold reservation-of-rights letters sent between 75 and 90 days after the insurer received notice of the claim to be timely"). When insurers have been estopped from withdrawing defense based on nothing more than the length of time the insurer waited to reserve its rights, the gaps between the insurer's learning of the claim and issuing a letter were far greater than two months. *See, e.g.*, *Erie Ins. Exch. v. Lobenthal*, 114 A.3d 832, 839–40 (Pa. Super. 2015) (seven months); *New Castle Mut. Ins. Co. v. Johnston*, No. CIV.A. 90-2266, 1991 WL 1803 (E.D. Pa. Jan. 9, 1991) (sixteen months). So a two-month gap does not alone satisfy the elements of estoppel, meaning no basis for that defense is "apparent on the face of the complaint" or other properly considered materials.

    An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.
